IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHLEEN SCHUBERT | |
| Plaintiff, | |
| v. | CIVIL ACTION |
| UNIVERSAL HEALTH SERVICES, INC. | NO. |
| Defendant. | JURY TRIAL DEMANDED |

## PLAINTIFF'S COMPLAINT

Plaintiff Kathleen Schubert files this Complaint against Defendant Universal Health Services, Inc., and in support thereof avers as follows:

### Jurisdiction and Venue

1. The jurisdiction of this Court is based upon 28 U. S. C. §1331, in that this Court has original jurisdiction of this matter, which is based upon a law of the United States of America, the Age Discrimination in Employment Act, 29 U. S. C. §621, et. seq. ("ADEA").

2. Venue is appropriate in this Court pursuant to 28 U. S. C. §1392 (b) in that Defendant has ongoing business operations in this District and certain events giving rise to the claim occurred in this District.

3. The amount in controversy exceeds $150,000.00, exclusive of interest and costs.

4. Plaintiff has complied with the administrative remedies required by the ADEA by filing a charge with the Equal Employment Opportunity Commission ("EEOC") on February 9, 2009 (Charge no. 510-2009-02558) (*See* Exhibit "A"),

simultaneously filing charges with the Pennsylvania Human Relations Commission ("PHRC") and the Florida Commission on Human Relations ("FCHR"), and then waiting a period of sixty (60) days prior to filing this action.

5.  Plaintiff intends to amend this Complaint and assert causes of action for age discrimination under the Pennsylvania Human Relations Act, 43 P. S. §955(a), et. seq., ("PHRA") and the Florida Civil Rights Act of 1992, §760.01 ("FCRA") upon receipt of applicable authority from the PHRC and the FCHR.

### Parties

6.  Plaintiff Kathleen Schubert ("Schubert") is an individual who presently resides at 4530 W. Coral Circle, North Fort Meyers, FL 33903.

7.  Defendant Universal Health Services, Inc ("UHS") is a Delaware corporation, which maintains its corporate headquarters at Universal Corporate Center, 367 South Gulph Road, King of Prussia, PA 19406.

### Factual Background

8.  Plaintiff Schubert was born on December 1, 1943 and is presently 65 years of age.

9.  On April 1, 2004, Defendant UHS hired Plaintiff Schubert as a Senior Application Analyst in its Behavior Health Information System Department ("BHIS"), initially working at UHS corporate headquarters in King of Prussia, PA.

10. At all times during Plaintiff Schubert's employment with Defendant UHS, Schubert's duties included system application support for modulars for MedSeries 4 Siemens software, implementation of new software, testing for new releases, preparing management reports and serving as a Senior Lead for certain electronic billing.

11. During the year 2005, Plaintiff Schubert moved to North Fort Meyers, Florida. She continued to work for Defendant UHS by telecommuting, in which she performed office work from her Florida home, in addition to traveling throughout the United States of America.

12. As of December 31, 2008, Plaintiff Schubert received an annual salary of $72,000.00 plus a comprehensive employment benefits package.

13. From the commencement of Plaintiff Schubert's employment through August 2008, Alan Schreur, Defendant UHS's Manager - Business Applications, served as Schubert's manager.

14. During the entire time Alan Schreur served as Plaintiff Schubert's manager, Schubert was continually commended for her strong work ethic and she never had any material issues working with management personnel, co-workers, or other employees.

15. In September 2008, Alan Schreur transferred to another position. Ecco Sutherlin ("Sutherlin"), who is substantially younger than Plaintiff Schubert, was hired as Manager - Business Applications, to supervise the BHIS Department.

16. At that time Sutherlin became responsible for managing Plaintiff Schubert and four other employees, John Bossong (approximate age - mid 40's), Carman Musitano (approximate age - mid 40's), Jennifer Darnall (approximate age - early 30's) and Etta Jett (approximate age - late 50's).

17. Prior to the hiring of Sutherlin Plaintiff Schubert consistently received excellent performance evaluations and reviews, including a UHS Service Excellence Award in 2007.

18. Shortly after Sutherlin began serving as Plaintiff Schubert's supervisor, Sutherlin continually treated Schubert in a demeaning manner.

19. Shortly after Sutherlin became Plaintiff Schubert's supervisor, Sutherlin attempted to create perceived issues of deficiencies in Schubert's work practices and behavior which did not truly exist, to attempt to justify the eventual termination of Schubert's employment.

20. On November 21, 2008, only two months after Defendant UHS hired Sutherlin, Plaintiff Schubert received an Employee Corrective Action Report ("Report") authored by Sutherlin. At that time Schubert asked if she could provide a formal response to the Report and Sutherlin said no.

21. While Plaintiff Schubert disagreed with the contents of the Report, at all times thereafter, Schubert complied with the issues raised in Sutherlin's Report and Schubert never received any feedback suggesting that she was not in compliance.

22. After Plaintiff Schubert received Sutherlin's Report she made several attempts to schedule one-on-one meetings with Sutherlin. Each time, Sutherlin either cancelled a scheduled meeting, or failed to respond to Schubert's email inquiries.

23. On December 31, 2008, Plaintiff Schubert received an email from Sutherlin requesting a meeting. The same day Sutherlin informed Schubert that her employment was terminated effective immediately. Sutherlin provided no explanation and when Schubert asked if she could respond, Sutherlin said no.

24. From the time Plaintiff Schubert received the Report until the time Schubert was terminated, Schubert jointly worked with Sutherlin a sum total of approximately eleven business days, as a consequence of company holidays, Sutherlin

being out of the office due to an illness and Schubert and Sutherlin's prescheduled vacation time.

25. Contrary to Defendant UHS's corporate policy, a Human Resource Representative never spoke to Plaintiff Schubert regarding alleged deficiencies in her performance and a Human Resource Representative was not involved in the meeting in which Schubert's employment was terminated.

26. Defendant UHS is responsible for the unlawful discriminatory action of Sutherlin, its Manager.

27. At the time of Plaintiff Schubert's termination Defendant UHS continued to employ four substantially younger employees who were supervised by Sutherlin, each of whose work performance was not different that Schubert, and each of whom Sutherlin treated in a substantially different manner.

28. Upon information and belief, following Plaintiff Schubert's termination her duties were assumed by and/or she was replaced by a substantially younger employee(s), who is/are not as qualified and less experienced than Schubert.

29. In terminating Plaintiff Schubert's employment, Defendant UHS applied different standards to Schubert, as opposed to other employees who had been accused of similar conduct in the past. Further, any alleged infractions did not justify termination and were not carried out in accordance with Defendant UHS's policies.

30. In terminating Plaintiff Schubert's employment for the stated reasons, Defendant UHS attempted to justify a decision to terminate Schubert, which was truly motivated by a desire to maintain a younger workforce. As such, Defendant UHS has discriminated against Schubert based upon her age.

31. The alleged reason for Plaintiff Schubert's termination was actually a pretext and an attempt to cover up for Defendant UHS's intent to discriminate against older workers.

32. As a consequence of the termination of Plaintiff Schubert's employment, she has lost substantial sums of money and other benefits including a loss of salary, reduced pension eligibility, loss of retirement benefits, loss of paid medical coverage, loss of short and long term disability, life insurance benefits and accumulated sick days.

33. Plaintiff Schubert has sustained emotional distress in coping with his sudden and unexpected termination, and a result thereof, incurred substantial pain and suffering.

34. Defendant UHS's actions were willful and outrageous in that its motives and conduct as set forth above was malicious, wanton, reckless and oppressive.

## COUNT I

### VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT

### 29 U. S. C. §621, et. seq.

35. Paragraphs 1 to 34 are incorporated herein by reference, as if set forth in full.

36. Defendant UHS's decision to terminate Plaintiff Schubert's employment was arbitrary and capricious, and based upon a discriminatory animus towards older employees in the workplace.

37. Defendant UHS's conduct is per se unlawful and constitutes unlawful age discrimination in violation of the ADEA, which forbids age discrimination.

6

WHEREFORE, Plaintiff Kathleen Schubert requests that this Court enter judgment in her favor, and against Defendant Universal Health Services, Inc. and that this Court enter a declaratory judgment that Defendant's actions violate the enactments of the federal legislature; and award Plaintiff damages exceeding $150,000.00, in the form of all compensation and losses sustained including, back pay and front pay, reinstatement of Plaintiff to her former position, liquidated damages as defined by the ADEA, pre-judgment interest, reasonable attorneys' fees, expert witness fees, costs, and any other relief, which the court deems appropriate.

/S/ Andrew S. Abramson, Esq.
_____
Andrew S. Abramson, Esq.
Abramson Employment Law, LLC
The Pavilion
261 Old York Road
Suite 509
P. O. Box 724
Jenkintown, PA 19046
215-517-6651

Attorney for Plaintiff
Kathleen Schubert

Dated: April 16, 2009

# EXHIBIT "A"

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA<br>☒ EEOC | 510-2009-02558 |

**Pennsylvania Human Relations Commission** and EEOC
*State or local Agency, if any*

S.S. No. XXXXXXXXX

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Kathleen Schubert | 215-517-6651 (my attorney, Andrew S. Abramson) |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 4530 W. Coral Street | North Fort Myers, FL 33903 | 12-1-1943 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER EMPLOYEES MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Universal Health Services, Inc. | 1000+ | 610-768-3300 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| P. O. Box 61558, 367 South Gulph Road, King of Prussia, PA 19406 | | Montgomery |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☒ AGE
☐ RETALIATION  ☐ NATIONAL ORIGIN  ☐ DISABILITY  ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA)   LATEST (ALL)
12-31-2008

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**See Attachment "A."**

RECEIVED 09 FEB -9 PM 4:58
EEOC PHILADELPHIA DISTRICT OFFICE

NOTARY PUBLIC-STATE OF FLORIDA
Stephanie S. Norris
Commission # DD615328
Expires: NOV. 16, 2010
BONDED THRU ATLANTIC BONDING CO., INC.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

X *Kathleen Schubert*

I declare under penalty of perjury that the foregoing is true and correct.

X *Kathleen Schubert*
Date 2-3-09
Charging Party (Signature)

NOTARY - (When necessary for State and Local Requirements)

X *Stephanie O. Norris*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT
X *Kathleen Schubert*

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year)

## ATTACHMENT "A"

The Charging Party Kathleen Schubert ("Schubert") is a 65 year-old Caucasian female. On April 1, 2004, Respondent Universal Health Services, Inc. ("UHS") hired Schubert as a Senior Application Analyst in the Behavior Health Information System Department ("BHIS"), initially working at UHS corporate headquarters in King of Prussia, PA. Schubert's duties included system application support for modulars for MedSeries 4 Siemens software, implementation of new software, testing for new releases, preparing management reports and serving as a Senior Lead for certain electronic billing. As of the year 2005, Schubert move to North Fort Meyers and she telcommuted by performing office work from her Florida home, in addition to traveling throughout the country. As of December 31, 2008, Schubert received an annual salary of $72,000.00 plus benefits.

From the commencement of her employment through August 2008, Alan Schreur, Manager - Business Applications, was Schubert's manager. Schubert was continually commended for her strong work ethic and never had any material issues working with management personnel, co-workers, or other UHS employees. Schubert consistently received excellent performance evaluations and reviews, including a Service Excellence Award in 2007.

In September 2008, Alan Schreur moved to another position at UHS and Ecco Sutherlin ("Sutherlin"), a female, who is substantially younger than Schubert, was hired as Manager - Business Applications to supervise the BHIS Department. At that time Sutherlin became responsible for managing Schubert and four other employees, John Bossong (male, approximate age - mid 40's), Carman Musitano (male, approximate age - mid 40's), Jennifer Darnall (female, approximate age - early 30's) and Etta Jett (female, approximate age - late 50's).

Shortly after Sutherlin began serving as Schubert's supervisor she continually treated Schubert in a demeaning manner, which Charging Party believes, was based upon their substantial difference in age and Sutherlin's desire to attempt to create a reason to terminate Schubert's employment and replace her with a substantially younger employee. On November 21, 2008, only two months after UHS hired Sutherlin, Schubert received an Employee Corrective Action Report ("Report") authored by Sutherlin. At that time Schubert asked if she could provide a formal response to the Report and Sutherlin said she could not. While Schubert disagreed with the contents of the Report, at all times thereafter, Schubert complied with the issues raised in Sutherlin's Report and Schubert never received any feedback suggesting that she was not in compliance.

After Schubert received the Report she made several attempts to schedule one-on-one meetings with Sutherlin. Each time, Sutherlin either cancelled a scheduled meeting, or failed to respond to Schubert's email inquiries. On December 31, 2008, Schubert received an email from Sutherlin requesting a meeting and the same day Sutherlin informed Schubert that her employment was terminated effective immediately. Sutherlin provided no explanation and when Schubert asked if she could respond, Sutherlin said no.

From the time Schubert received the Report until the time Schubert was terminated, she jointly worked with Sutherlin a sum total of 11 business days, as a consequence of Sutherlin being out of the office due to an illness and prescheduled vacation time. In addition, from the time Schubert received the Report until the termination of Schubert's employment, contrary to corporate policy, no UHS Human Resource Representative spoke to Schubert or was involved in the termination meeting. On January 5, 2009, Schubert contacted a UHS HR Representative and was advised the reason for her termination was "insubordination."

At the time of Schubert's termination Respondent continued to employ four substantially younger employees who were supervised by Sutherlin, each of whose work performance was not different that Schubert, and each of whom Sutherlin treated in a substantially different manner. Further, upon information and belief, Respondent intends to hire another significantly younger individual to replace Schubert.

In terminating Schubert and continuing to employ other significantly younger individuals to perform the same duties, Respondent has discriminated against Schubert based upon her age in violation of the Age Discrimination in Employment Act, 29 U. S. C. §621, the Pennsylvania Human Relations Act, 43 P. S. §955(a), and the Florida Civil Rights Act of 1992, §760.01.